**ORIGINAL**

FILED

BEFORE THE
UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C. 20548

APR 29 2014

U.S. COURT OF
FEDERAL CLAIMS

PROTEST OF )
)
NEELAM CONSTRUCTION CORP. )
)
Plaintiff )
)
v. )   14- 359C
)
THE UNITED STATES )
DEPARTMENT OF THE ARMY )
SOLICITATION NO. W911SD-13-R-0004 )
)
Defendant )
_____ )

## POST AWARD BID PROTEST

COMES NOW, NEELAM CONSTRUCTION CORP. (hereinafter "Plaintiff /

Protestor"), by and through its undersigned counsel and states as follows:

1. This Court has jurisdiction over this bid protest pursuant to the Tucker Act, 28

   U.S.C. § 1491(b)(1) (2006).

2. Counsel for the Protestor's & the Protestor's counsel's contact information is:

    Bhavesh Borad
    Neelam Construction Corp.
    163-A Paris Avenue,
    Northvale, NJ 07647
    Ph: 201-768-2213 Ext.106
    Fax: 201-768-2548

    Frank V. Reilly, Esq.
    Counsel for Protestor

3

101 NE Third Avenue, Suite 1500
Fort Lauderdale, FL 33301
(561) 400-0072 telephone
(954) 691-3098 fax
frank@frankvreilly.com

3. The Agency's contact information is:

Mark Draluck (Contract Specialist)
845-938-8386
mark.draluck@usma.edu

Denise Conkin (Directorate of Contracting)
denise.conklin@usma.edu

Contracting Office Address:
MICC - West Point, Directorate of Contracting, ATTN: SFCA-NR-WP, 681 Hardee Place, West Point, NY 10996-1514

4. The Solicitation at issue involves the procurement generally known by the parties as "Y--Maintenance & Repair of Roads and Parking Lots". The Solicitation at issue at issue is a negotiated procurement with award being premised on a 'best value' determination.

5. On February 26, 2013, the Agency published the Solicitation expressing its intent to solicit proposals for the above referenced procurement.

6. Protestor is an interested party because it desires to compete for this Solicitation. Protestor submitted a timely proposal and was found to be responsible and responsive in all respects.

7. On October 23, 2013, the Agency advised the Protestor that a higher priced bidder was the apparent awardee. However, had a proper evaluation been performed as required by the terms and conditions of the Solicitation, the Protestor's Proposal would

have been identified as the proposal representing the offer most advantageous to the government. On April 1, 2014, Award was made to a party other than the Plaintiff.

8. The Agency's decision to award to the higher priced bidder was flawed in several additional ways causing prejudice to the Protestor including but not limited to:

   a. the Protestor's offer was tailored to the Solicitation's stated evaluation criteria. As such, the Protestor reasonably believed that its proposal and that of the Awardee would both be evaluated in the same way.

   b. the agency's failure to disclose the relative weight of evaluation factors was unreasonable because basic fairness dictated disclosure of the relative weights since the agency required offerors to prepare detailed written proposals addressing unique government requirements, and

   c. the selection decision is improper because it lacks a rationale which sets forth a basis for the tradeoffs made, including an explanation of any perceived benefits associated with awarding to the Awardee instead of the Protestor, and

   d. by awarding to the Awardee, the Agency unreasonably evaluated the Protestor's past performance, technical capability and other evaluation factors, or improperly undervalued those past performance, technical capability and other evaluation factors, and

   e. by awarding to the Awardee, the Agency unreasonably evaluated the Awardee's past performance, technical capability and other evaluation

factors, or improperly overvalued those past performance, technical capability and other evaluation factors, and

f. under the circumstances of this procurement, the agency wrongly withheld the relative weight of the evaluation factors from the offerors, and

g. as such, the Agency's award decision was improper.

h. In the instant case, the Agency traveled outside the Solicitation's stated evaluation criteria and protocols when it rejected the Protestor's offer and improperly chose that of the Awardee.

9. As a direct and proximate result, the Protestor was denied a fair opportunity for award. Protestor is prejudiced because there would have been a reasonable possibility that it could have been awarded this procurement if the Agency had properly evaluated the Protestor's and the Awardee's proposals in accordance with the Solicitation's stated evaluation criteria and protocols and in accordance with federal law and the applicable Federal Acquisition Regulations.

WHEREFORE, the Protestor respectfully requests that the Protest be sustained, that the Award in this procurement be overturned and that the Protestor be placed back into competition for this procurement.

Dated April 25, 2014

        Frank V. Reilly, Esq.
        Counsel for Protestor
        101 NE Third Avenue, Suite 1500
        Fort Lauderdale, FL 33301
        (561) 400-0072 telephone
        (954) 691-3098 fax
        frank@frankvreilly.com

            Respectfully submitted,

            _____
            FRANK V. REILLY
            Fla. Bar No.: 427225